## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MARY A. ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV238 CDP |
| | ) | |
| PATRICK R. DONAHOE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before me upon the application of plaintiff for leave to commence this action without payment of the required filing fee.  <u>See</u> 28 U.S.C. § 1915(a).  Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee.  Therefore, plaintiff will be granted leave to proceed in forma pauperis.  Additionally, the Court will order plaintiff to show cause why this action should not be summarily dismissed as time-barred.

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  <u>See</u> 28 U.S.C. § 1915(e).  A case can be dismissed under 28 U.S.C. § 1915(e) if the statute of limitations has run.  <u>E.g.</u>, <u>Myers v. Vogal</u>, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for alleged racial discrimination in the workplace.  Plaintiff attached a right-to-sue letter to her complaint; the right-to-sue letter was mailed to plaintiff on November 15, 2012.  Plaintiff's complaint was filed on February 6, 2013.

A plaintiff in a Title VII action has ninety days from receipt of the right-to-sue letter to file a civil action.  42 U.S.C. § 2000e-5(f).  Failure to file a timely civil action warrants dismissal of the complaint.  E.g., Braxton v. Bi-State Development Agency, 728 F.2d  1105, 1108 (8th Cir. 1984).

The ninety-day period in this case elapsed on February 13, 2012.  Plaintiff did not file her suit until a year after the ninety-day period lapsed.  As a result, the complaint is time-barred.

Because plaintiff is pro se, the Court will give plaintiff the opportunity to show cause why the case should not be dismissed as time-barred.  Failure to respond to this Order or failure to show adequate cause will result in the dismissal of this case.

Accordingly

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] is **GRANTED.**

-2-

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and **no later than twenty-one (21) days from the date of this Order**, why this case should not be dismissed as time-barred.

Dated this 25th day of March, 2013.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE