# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MARY A. ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV238 CDP |
| | ) | |
| PATRICK R. DONAHOE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. I have reviewed the case and have determined that the Memorandum and Order dated March 25, 2013 [ECF No. 7], should be vacated and that plaintiff should be required to file an amended complaint or face dismissal of this action under 28 U.S.C. § 1915(e).

## The Complaint

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for employment discrimination based on race, color, gender, and disability. Named as defendants are Patrick R. Donahoe, the Postmaster General; Ronda Spann; and Willie Williams. The complaint does not contain any factual allegations. Plaintiff has attached to the complaint a letter she wrote to the Director of the Office of Operations at the EEOC. In the letter, plaintiff complains that the EEOC's decision to deny plaintiff's claim was biased because Spann and Williams,

her former supervisors, are "liars" and "thieves." Plaintiff alleges that Spann stole her annual leave funds. The letter does not contain any non-conclusory allegations of racial or other constitutional harassment.

## Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## Discussion

To establish a prima facie case of race discrimination under Title VII, a plaintiff must show: 1) that he or she is a member of a protected class, (2) that he or she was meeting the employer's legitimate job expectations, (3) that he or she

suffered an adverse employment action, and (4) that similarly situated employees outside the protected class were treated differently. E.g., Tolen v. Ashcroft, 377 F.3d 879 (8th Cir. 2004). Plaintiff has not alleged that she was meeting the employer's legitimate job expectations or that similarly situated employees outside the class were treated differently. As a result, she has failed to state a claim for relief under Title VII and the case is subject to dismissal under 28 U.S.C. § 1915(e).

Title VII provides a remedy only against an "employer." And the Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII." Bonomolo-Hagen v. Clay Central-Everly Community School District, 121 F.3d 446, 447 (8th Cir. 1997) (citing Spencer v. Ripley County State Bank, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)). As a result, the complaint fails to state a claim against defendants Spann or Williams, and I will dismiss them from the complaint.

Because plaintiff is proceeding pro se, I will allow plaintiff to file an amended complaint rather than summarily dismiss this case. Plaintiff shall have twenty-one days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails

to file an amended complaint within twenty-one days, I will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Court's Memorandum and Order dated March 25, 2013 [ECF No. 7] is **VACATED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint no later than twenty-one (21) days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed.

An Order of Partial Dismissal will be filed along with this Memorandum and Order.

Dated this 25th day of March, 2013.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE